UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WELLS FARGO EQUIPMENT FINANCE, INC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-530** |
| **B.A.R.-M.M.P., LLC, ET AL** | **SECTION: "H"(5)** |


ORDER AND REASONS

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 24). For the following reasons, the Motion is GRANTED.


BACKGROUND

Plaintiff filed a Complaint on March 21, 2013 alleging that Defendant, B.A.R.-M.M.P., LLC defaulted on a loan agreement and that Defendant, Christy Morgan, had defaulted on a personal guarantee she executed in connection with the agreement. Defendants were served with process

1

on May 11 and 12, 2013, respectively. As of the entry of this Order, more than six months have passed since Defendants were served with the Complaint in this case. However, they have failed to make any appearance in this proceeding, despite repeated attempts by both Plaintiff and the Court. Default was entered against Defendants on June 11, 2013. Plaintiff filed the instant Motion shortly thereafter.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party who fails to plead or otherwise respond to the complaint within the required time period. A plaintiff may have a default entered against a defendant when the plaintiff shows "by affidavit or otherwise" that the defendant has failed to appear. Fed. R. Civ. P. 55(a). By virtue of the default, all of Plaintiff's well–pleaded allegations of fact are deemed admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). After default is entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is within the sound discretion of the Court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)

## LAW AND ANALYSIS

Before entering a default judgment, the Court has an affirmative duty to investigate it's

subject matter jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy exceeding $75,000.00. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted); 28 U.S.C. § 1332. "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Plaintiff's alleges that it is incorporated in Minnesota with its principal place of business in Minnesota. Plaintiff further alleges that Defendant B.A.R.-M.M.P., LLC is a Louisiana limited liability company whose sole member is Christy Morgan, who is domiciled in Louisiana. Finally, Plaintiff alleges that the amount in controversy exceeds $79,997.57. Therefore, the Court finds that it has diversity jurisdiction over this matter.

In entering default judgment, the Court is mindful that such judgments are "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). However, the record in this case shows that Defendants have failed to respond to the Complaint, despite multiple notices and over six months. Therefore, the Court finds that the entry of default judgment is warranted.

3

Plaintiff's Complaint contains sufficient well-pleaded allegations to establish Defendants' liability. Plaintiff and Defendant, B.A.R.-M.M.P., LLC, entered into a "Combination Loan and Security Agreement" ("the Agreement") on August 7, 2012. Pursuant to the terms of the Agreement, B.A.R.-M.M.P., LLC agreed to repay Plaintiff $91,669.86 plus interest. The Agreement further provided that all late payments would be assessed a 5% late fee. As part of the Agreement, B.A.R.-M.M.P., LLC granted to Plaintiff a security interest in a certain Limo Bus[1], and Christy Morgan executed a personal guarantee of the Agreement. In connection with the guarantee, Christy Morgan agreed to be personally responsible for all of B.A.R.-M.M.P., LLC's obligations under the Agreement, including the payment of legal fees and expenses in the event of default. The Agreement provides, in the event Defendant defaults on the loan, Plaintiff has the right to immediately accelerate the outstanding balance, which would be subject to a 12% interest rate until paid. Finally, the Agreement obligates Defendant to pay Plaintiff's legal fees and expenses in the event of default. Plaintiff further alleges that it has not received any payments on the loan since November 2012, that it made a timely demand for past due amounts, and that it properly accelerated the loan balance as provided in the Agreement.

According to the Complaint, as well as affidavits attached to the Motion for Default

---

[1] The Limo Bus is specifically identified as "one 2010 Ford E-450 Limo Bus, VIN 1FDXE45P78DB45517, together with all accessories, attachments, parts, repairs, additions, and replacements attached thereto or incorporated therein."

4

Judgment, Defendants are owed the following amounts: outstanding principal and interest (as of the filing of the suit) totaling $79,483.53; late charges totaling $424.04; and, NSF fees totaling $90.00. Plaintiff also requests 12% pre-judgment interest, reasonable attorney's fees, and all costs of this proceeding. The Court finds that Plaintiff is entitled to these amounts.

In connection with the Motion for Default Judgment, Plaintiff submitted evidence of attorney's fees and costs incurred up to the time the Motion was filed. However, the record reveals that Plaintiff has incurred additional attorney's fees and costs since the filing of the Motion. Therefore, the Court refers this matter to the Magistrate Judge for a determination of the reasonable attorney's fees and costs incurred by Plaintiff in this proceeding. *See* Fed. R. Civ. Pro. 55(b)(2) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: conduct an accounting; [or] determine the amount of damages").

Finally, Plaintiff has requested that the judgment in this matter reflect that it has a security interest in the aforementioned Limo Bus. For the reasons previously stated, the Court grants this request.

**CONCLUSION**

For the foregoing reasons, the Motion for Default Judgment is GRANTED. Judgment is awarded in favor of Plaintiff and against Defendants, *in solido*, in the amount of $79,997.57, plus 12% pre-judgment interest, reasonable attorney's fees, and costs incurred in the prosecution of

this suit.  Additionally, judgment is granted recognizing that Plaintiff has a valid and enforceable security interest in the aforementioned Limo Bus, specifically one 2010 Ford E-450 Limo Bus, VIN 1FDXE45P78DB45517, together with all accessories, attachments, parts, repairs, additions, and replacements attached thereto or incorporated therein.  Judgment will be entered separately.

New Orleans, Louisiana, this 5th day of December, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE