UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WELLS FARGO EQUIPMENT                          CIVIL ACTION
FINANCE, INC.

VERSUS                                         NUMBER: 13-0530

B.A.R.-M.M.P., LLC, ET AL.                     SECTION: "H"(5)

### REPORT AND RECOMMENDATION

Pursuant to a referral from the presiding District Judge (rec. doc. 33, p. 5), presently before the Court is the motion to establish the amount of attorney's fees, costs, and expenses due to plaintiff, Wells Fargo Equipment Finance, Inc. ("Wells Fargo") (Rec. doc. 34). Defendants have filed no opposition to plaintiff's motion. For the reasons that follow, it is recommended that plaintiff's motion be granted.

Plaintiff, Wells Fargo, brought this action to recover on a "Combination Loan and Service Agreement" that was secured by a security interest in a Ford E-450 Limo Bus. (Rec. doc. 1). That loan had been made to the corporate defendant, B.A.R.-M.M.P., LLC, and was personally guaranteed by the individually-named defendant, Christy S. Morgan ("Morgan"). (Id.). Earlier on in the case,

plaintiff obtained the issuance of a writ of sequestration with respect to the Limo Bus, an order compelling return of the vehicle, and an order appointing a keeper which was secured by a bond. (Rec. docs. 5-13). After the defendants were served with and failed to file an answer to plaintiff's complaint within the delays allowed by law, a default against them was entered by the Clerk. (Rec. docs. 14, 15, 17, 18). Thereafter, the defendants were found to be in contempt of the Court's order directing them to relinquish possession of the vehicle, resulting in a capias being issued as to Morgan, and plaintiff's motion for a default judgment was ultimately granted against the defendants, *in solido*, awarding plaintiff $79,997.57 plus 12% pre-judgment interest, reasonable attorney's fees and costs, and recognizing plaintiff's valid and enforceable security interest in the Limo Bus. (Rec. docs. 26, 30, 31, 33). The instant motion for attorney's fees, costs, and expenses followed. (Rec. doc. 34).

Since the time that the present motion was referred to the undersigned, the Court has continued the hearing on the motion a number of times to insure that every reasonable effort was made to provide the defendants with notice of same and to afford them an opportunity to formally oppose the motion. (Rec. docs. 36, 39, 48, 53). Unfortunately, multiple notices and copies of orders that have been mailed to the defendants at their last known addresses

have all been returned as undeliverable. (Rec. docs. 37, 41, 43, 46, 49, 50). Although this case was briefly stayed and administratively closed due to the initiation of Chapter 7 bankruptcy proceedings by Morgan (rec. docs. 40, 42), it was subsequently reopened after she failed to appear at a duly-scheduled meeting of creditors and the bankruptcy proceedings were dismissed. (Rec. docs. 44, 45). Despite plaintiff's valiant efforts to locate and serve the defendants with notice of its motion at multiple addresses in New Orleans, Violet, and Gonzales (rec. doc. 47), they failed to make themselves available for all three hearings on the motion including the most recent hearing that was convened on February 19, 2014. (Rec. doc. 53). Even the Marshal has been unable to locate and apprehend Morgan who failed to appear before the District Judge to cure her contempt on on February 20, 2014. (Rec. docs. 51, 52).

As reflected by the invoices attached to its present motion, plaintiff seeks $8,201.25 in attorney's fees and $1,959.10 in costs and expenses in prosecuting this matter, as well as $575.00 that it estimated that it would incur in connection with the motion itself and the entry of a final judgment, for a total of $10,735.35.[1]/

---

[1]/ Fees and costs/expenses in the amount of $412.87 were inadvertently included in the overall amount twice apparently due to plaintiff's non-payment of the invoice from its attorneys dated September 25, 2013. (Rec. doc. 34-4, pp. 5-11).

Having reviewed the contemporaneous billing records of plaintiff's counsel, the Court finds that the number of hours that were logged by them was reasonable as were their hourly rates. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983). Given the efforts that counsel undertook in this case, particularly after the motion was filed, the Court believes that the overall amount sought is imminently reasonable under the circumstances. Accordingly, it will be recommended that plaintiff's motion be granted.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's motion be granted and that it be awarded attorney's fees, costs, and expenses in the amount of $10,735.35, reserving to plaintiff the right to seek attorney's fees, costs, and expenses that it may incur in defending any appeal of this matter and in enforcing the judgment that it obtains herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  21st  day of   February  , 2014.

                                         ALMA L. CHASEZ
                         UNITED STATES MAGISTRATE JUDGE